NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES G. LOPEZ,<br><br>        Plaintiff,<br>v.<br><br>CITY OF PLAINFIELD, PLAINFIELD POLICE DEPARTMENT, JOSEPH MULLIGAN, KEVIN O'BRIEN, MARTIN HELLWIG, JOHN DOE 1-20 (OFFICERS OF PLAINFIELD POLICE DEPARTMENT) fictitious names representing a series of individuals having actual identities unknown to Plaintiff at this time,<br><br>        Defendants. | **Civil Action No. 12-cv-4976 (SRC)(CLW)**<br><br>**OPINION AND ORDER** |

**CHESLER**, District Judge

   This matter comes before the Court on Plaintiff James G. Lopez's ("Plaintiff") motion to compel production of the identity of Defendants' confidential informant [Docket Entry No. 48]. Defendants City of Plainfield, Plainfield Police Department, Joseph Mulligan, Kevin O'Brien, and Martin Hellwig ("Defendants") oppose this motion. For the reasons stated below, the Court will deny Plaintiff's motion.

   The Amended Complaint [Docket Entry No. 35] alleges the following facts. On April 8, 2011, the individual Defendants stopped Plaintiff's vehicle at or near the intersection of Kensington and Putnam Avenues in Plainfield, New Jersey, and pulled Plaintiff out of his vehicle and assaulted him, causing bodily injury. (Am. Compl. ¶¶ 18-21.)  On August 20, 2013, a police officer operating on the orders of Defendants stopped Plaintiff in Watchung, New Jersey,

1

unlawfully arrested him, and searched and seized his vehicle.  (Am. Compl. ¶¶ 26-29.)  The officer found no contraband in Plaintiff's vehicle and released him.  (Am. Compl. ¶ 30.)  Plaintiff alleges Defendants violated 42 U.S.C. § 1983 (including *Monell* claims against the City of Plainfield), 42 U.S.C. § 1985, the United States Constitution, the New Jersey State Constitution, the New Jersey Tort Claims Act, and the New Jersey Civil Rights Act.  (Am. Compl. ¶¶ 16-75.)

In the motion currently before this Court, Plaintiff seeks the disclosure of the identity of the confidential informant ("CI") mentioned in discovery materials.[1]  The Supreme Court established a balancing test to determine when disclosure of a CI's identity is required in the criminal context in *Roviaro v. United States*, 353 U.S. 53 (1957).  The defendant bears the burden to show what need he has for disclosure, and if this burden is satisfied, the court must then balance "the defendant's interest in disclosure against the Government's interest in maintaining the confidentiality of its informant." *United States v. Jiles*, 658 F.2d 194, 197-98 (3d Cir. 1981) (citing *Roviaro*, 353 U.S. at 62).

Importantly, Plaintiff's instant motion to compel disclosure is in the context of a civil case, not a criminal case. The Third Circuit has concluded that in the civil context, "the privilege [to withhold an informant's identity] must give way where the disclosure of an informer's identity . . . 'is essential to a fair determination of a cause.'"  *Mitchell v. Roma*, 265 F.2d 633, 635 (3d Cir. 1959) (quoting *Roviaro*, 353 U.S. at 60-61).[2]  In *Mitchell*, the Third Circuit found that "[n]o fixed rule as to disclosure is justifiable.  One must balance the public interest in protecting the flow of

---

[1] Plaintiff seeks the identity of the CI mentioned in the Plainfield Police Division Instituted Case Report ("Report") provided in discovery, and any written agreements including the CI and the police. In addition, Plaintiff seeks the name and address of the person utilized in a controlled buy from Plaintiff, if this person is not the CI referenced in the Report.
[2] *See also Westinghouse Elec. Corp. v. City of Burlington, Vt.*, 351 F.2d 762, 769 (D.C. Cir. 1965) (holding that "[t]he *Roviaro* balance should be struck in each case, civil and criminal, in deciding whether disclosure is essential to a fair determination of a cause." (internal quotations omitted)).

information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case." *Id.* at 636.  In civil cases, however, the privilege requires the party seeking disclosure to satisfy an even higher burden than required in criminal cases, because there is no "defense of an accused" consideration as is present in criminal cases. *Williams v. City of Trenton*, No. 11-6352, 2012 WL 4858202, at *2 (D.N.J. Oct. 11, 2012) (citing *McClain v. Coll. Hosp.*, 99 N.J. 346 (1985)).

As noted above, given that Plaintiff's liberty is not at stake and that this case is a civil action, Plaintiff must demonstrate to the Court that disclosure of the CI's identity is essential to a fair determination of his cause. *Mitchell*, 265 F.3d at 636.  Plaintiff has not satisfied this high burden, and thus the Court will not order the disclosure of the CI's identity.

Plaintiff asserts that the identity of the CI must be disclosed because the CI's identity and any written agreements between the Government and the CI are essential to proving Plaintiff's civil claims, as the CI is a fact witness in Plaintiff's case. (Pl. Br. at 8, 11-12.)  Plaintiff offers no evidence to justify these assertions beyond his own speculation as to the unique information the CI may possess about his case.  Based on the evidence before it, this Court does not see how the CI's identity or any potential evidence he could offer would be essential to the determination of Plaintiff's cause.  There is no evidence that the CI was present or used for surveillance at either of the traffic stops at issue, and thus the CI cannot offer unique eyewitness testimony.  A party who merely suspects, without showing a likelihood, that the CI's identity is essential to its case has not met its burden to show that disclosure is essential to the fair determination of the case. *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993).[3]

---

[3] Even if Plaintiff had satisfied the burden of demonstrating that the CI's identity was essential for the fair determination of his cause, Defendants have a substantial interest in maintaining the confidentiality of the CI's

Furthermore, Plaintiff's skepticism as to whether a CI actually exists is not sufficient to justify disclosure of the CI's identity in this case. Plaintiff must provide the Court with a concrete reason to believe the CI might not exist, and Plaintiff has only provided the Court with speculation. *See, e.g.*, *United States v. Seaton*, 178 F. App'x 172 (3d Cir. 2006).

Accordingly, for the foregoing reasons,

**IT IS** on this 1st day of December, 2015,

**ORDERED** that Plaintiff's motion to produce the confidential informant's identity [Docket Entry No. 48] is **DENIED**.

       s/ Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge

Dated: December 1, 2015

---

identity, given legitimate safety concerns for the CI. *Roviaro*, 353 U.S. at 62. Furthermore, Defendants have asserted that the CI has played an important role in investigations of this Plaintiff and with others, and that the CI will likely serve as a CI again in the future.

4